THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON BREWER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | CASE NO. C15-5703-JCC-BAT<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on Plaintiff Shannon Brewer's objections (Dkt. No. 22) to the report and recommendation (Dkt. No. 19) issued by the Honorable Brian A. Tsuchida, United States Magistrate Judge. Having reviewed Judge Tsuchida's report and recommendation, Brewer's objections, the Commissioner's response, and the relevant record, the Court OVERRULES the objections (Dkt. No. 22) and ADOPTS the report and recommendation (Dkt. No. 19) for the reasons set forth herein.

**I.    DISCUSSION**

This is the second time this case is before the Court for judicial review of the decision by an Administrative Law Judge (ALJ). On initial review, Judge Robert J. Bryan adopted Magistrate Judge J. Richard Creatura's recommendation that the case be remanded to reevaluate the medical evidence. (*Brewer v. Colvin*, C13-5173-RJB, Dkt. No. 18.) A different ALJ

1  conducted a second hearing on January 7, 2015. AR 549-65.

2        The second ALJ found the following: (1) Brewer had not engaged in substantial gainful
3  activity since December 26, 2008; (2) Brewer had severe impairments of vision loss, headaches,
4  and post-concussive syndrome; (3) Brewer had the residual functional capacity (RFC) to perform
5  light work, except that she should never climb ladders, ropes, or scaffolds; can frequently climb
6  ramps and stairs; can balance, stoop, kneel, crouch, and crawl; has reduced field of vision,
7  particularly in the right side, with limited depth perception; and should avoid concentrated
8  exposure to hazards; and (4) Brewer could perform her past work as a salesperson,[1] and was thus
9  not disabled. AR 951-52, 958, 965.

10        There are two issues in this case: (1) whether the ALJ erred in finding that Brewer could
11  perform past relevant work as a salesperson, and (2) whether the ALJ erred in rejecting the
12  opinion of Dr. Eugene May, M.D. that Brewer would not be able to resume any level of
13  employment. (*See* Dkt. No. 19 at 1.) Judge Tsuchida answered both questions in the negative,
14  recommending that the Commissioner's decision be affirmed and the case be dismissed with
15  prejudice. (*See id.*) Brewer objects to this recommendation on both counts. (Dkt. No. 22.)

16        **A.    Past Relevant Work as Salesperson**

17        Brewer first argues that Judge Tsuchida erred in upholding the ALJ's finding that she
18  could perform past relevant work as a salesperson. (Dkt. No. 22 at 2.)

19        The vocational expert (VE) at the first hearing testified that Brewer had past relevant
20  work classified as a "salesperson for general merchandise" with DOT code 279.357-054. AR 51.
21  Considering Brewer's RFC, the second ALJ concluded that Brewer could perform the past
22  relevant work as a salesperson and adopted the VE's testimony. AR 965.

---

[1] The ALJ also found that Brewer could perform her past work as a retail store manager. Judge Tsuchida concluded that this was error, but nonetheless recommended affirming the ALJ's Step Four finding, because a claimant who is able to perform any of her past relevant work is not disabled. (Dkt. No. 19 at 8.) The Commissioner does not challenge Judge Tsuchida's recommendation regarding the retail store manager position. The Court therefore adopts it.

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 2

The issue is whether Brewer's work as a "marketing rep" from 1999 to 2001 supported the ALJ's finding that Brewer had past relevant work as a salesperson. (*See* Dkt. No. 19 at 5; Dkt. No. 22 at 3.) Brewer submitted four work history forms relevant to this question:

<u>Disability Report (Exhibit 2E)</u>: Brewer reported that, from March 10, 1999 to September 11, 2001, she was "self-employed," with "self-employed" listed as the type of business. AR 163. She worked 4 hours a day, 5 days a week, and made $36,000 a year. AR 163.

<u>Work History Report (Exhibit 4E)</u>: Brewer reported that, from January 1999 to September 2001, she was "self-employed" working with a computer training business called "Campaigners." AR 180. She worked 2-5 hours a day, 2-4 days a week, and made $75 an hour. AR 182. She described the position as "trainin[ing] retail store employees on new software and hardware platforms as well as new peripherals (drivers, routers, etc….)." AR 182. Brewer "had to lift and carry all the software and hardware items" and "assembled in-store displays of the products [she] represented." AR 182. The job did not require any climbing. AR 182.

<u>Disability Report (Exhibit 7E)</u>: Brewer reported that, from March 10, 1999 to September 11, 2001, she was a "marketing/merchandising rep" at a retail business. AR 206. She worked 4 hours a week, 5 days a week, and made $36,000 a year. AR 206.

<u>Work History Report (Exhibit 9E)</u>: Brewer reported that, from April 1999 to November 2001, she was a "marketing rep." with "retail" as the type of business. AR 217. She worked 4 hours a day, 3 days a week, and made $15-$18 an hour. AR 220. She "represented product manufacturers to retail stores," "merchandised the products and negotiated display space," and "trained the employees how to use the products." AR 220. She "did this for 40 retail stores." AR 220. As part of the job, Brewer "lifted and carried boxes of product ranging from 5 lbs to 50 lbs." AR 220. The job required 30 minutes of climbing. AR 220.

Judge Tsuchida concluded that the Work History Reports (Exhibits 4E and 9E) detail two separate positions. (Dkt. No. 19 at 5.) He acknowledged that there was temporal overlap between the positions and that both involved employee training and work on display space. (*Id.*) But, he

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 3

also reasoned that "the job descriptions, pay rate, and hours worked are largely dissimilar and even inconsistent." (*Id.*) Judge Tsuchida concluded that the VE relied on Brewer's description of "marketing rep." in Exhibit 9E in testifying that Brewer had past work as a salesperson. (*Id.*)

Brewer first argues that is unclear whether there were in fact two positions. (Dkt. No. 22 at 3-4.) The Court acknowledges that there are curious similarities between the positions; however, there are also curious differences that the Court cannot dismiss. Ultimately, the Court agrees with Judge Tsuchida that the job described in Exhibit 9E is a distinct position relied upon by the VE in testifying that Brewer had past relevant work as a salesperson.

Brewer further argues that the income earned as a "marketing rep." in Exhibit 9E fell short of the substantial gainful activity amount. (Dkt. No. 22 at 4.) In 1999-2000, the substantial gainful activity amount was a monthly average of $700; in 2001, that amount rose to $740. *See* "Substantial Gainful Activity," *available at* https://www.ssa.gov/oact/cola/sga.html. Given that Brewer reported that she worked 4 hours a day, 3 days a week, and made $15-$18 an hour, this would earn her a minimum of $720 a month. *See* AR 220. It was not unreasonable that the VE and ALJ would find that the job qualified as substantial gainful activity.

Brewer also argues that the VE should have classified the job under a different DOT. (Dkt. No. 22 at 5-7.) But, as Judge Tsuchida acknowledged, Brewer did not previously raise the argument and it is therefore waived. (*See* Dkt. No. 19 at 6 n.3.)

**B.      Rejection of Dr. May's Opinion**

Brewer further argues that Judge Tsuchida erred in upholding the ALJ's rejection of Dr. May's opinion that Brewer could not resume any level of employment. (Dkt. No. 22 at 8.)

Dr. May was an examining neuroophthalmologist. AR 1278-82. Dr. May found that Plaintiff had "markedly impaired subjective visual testing" and "functional vision loss." AR 1280-81. When asked how the vision loss in her left eye was explained, he wrote, "She has functional, that is, psychologically-based, vision loss." AR 1281. When he was asked whether Ms. Brewer could resume any level of employment, Dr. May wrote, "I don't think so." AR 1281.

The ALJ considered Dr. May's opinion but did not give it great weight because "it does not provide any information regarding the claimant's functioning, nor is it well supported." AR 963. The ALJ further stated that "Dr. May did not provide any basis or explanation for his conclusion, which is not consistent with the record considered as a whole." AR 963.

Judge Tsuchida agreed with Brewer that the ALJ erred in finding that Dr. May's opinion was not well-supported and lacked explanation. (Dkt. No. 19 at 9-10.) However, Judge Tsuchida upheld the ALJ's finding that Dr. May's opinion was inconsistent with the record as a whole. (*Id.* at 10.) Judge Tsuchida concluded that "[s]ubstantial evidence supports the valid reasons the ALJ gave for discounting Dr. May's opinion, and the ALJ's errors therefore do not negate the validity of his ultimate determination to discount the opinion." (*Id.*)

Brewer challenges this conclusion, arguing that the ALJ's inconsistency finding was impermissibly conclusory.[2] (Dkt. No. 22 at 9.) While the Court agrees that the ALJ failed to sufficiently explain his finding, this failure is subject to harmless error analysis. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (recognizing that "harmless error principles apply in the Social Security Act context"). Here, the error was harmless, because the assertion, while insufficiently specific, had support in the record. Specifically, Dr. May's opinion that Brewer's vision loss was caused by psychological impairments differed starkly from the findings of other physicians—both treating and examining—that there was no psychological basis for Brewer's vision loss. (*See* Dkt. No. 19 at 10; AR 953-57, 962.)

Brewer further argues that Judge Tsuchida erred in relying on this inconsistency, because the Court must "evaluate the Commissioner's decision 'only on the grounds articulated by the agency.'" (Dkt. No. 22 at 10) (quoting *Ceguerra v. Secretary*, 933 F.2d 735, 738 (9th Cir. 1991)). But Judge Tsuchida did not base his conclusion on a new ground; he simply identified

---

[2] The Commissioner asserts that this argument was "wholly absent" from the opening brief. (Dkt. No. 23 at 4.) But, Brewer clearly argued that the ALJ failed to give specific and legitimate reasons for his conclusion. (Dkt. No. 16 at 8.) To allege that she waived this issue is disingenuous.

the evidence that supported the ground articulated by the ALJ.

Finally, Brewer argues that the ALJ failed to acknowledge the support for Dr. May's opinion in the record. (Dkt. No. 22 at 10; Dkt. No. 16 at 11-13.) The record contains certain consistent opinions that were rejected by the ALJ without challenge from Brewer. *See, e.g.*, AR 953-55 (Dr. Charles Bellville); AR 962 (Dr. Suzanne Zamberlan); AR 964 (Nurse Practitioner Cheryl Einerson). However, the ALJ did not address the fact that two other examining physicians, ophthalmologist Adam Rasky, M.D. and neurologist Mark Holmes, M.D., also concluded that Brewer's vision was psychologically impaired. *See* AR 687 (Dr. Rasky's opinion that "the most likely diagnosis is conversion disorder"); AR 810 (Dr. Holmes's opinion that the vision loss "appears to be psychogenic in origin"); AR 960-61 (ALJ's discussion of Rasky and Holmes opinions).

Nonetheless, the ALJ's ultimate conclusion was valid. Importantly, treating psychologist Dr. Jill Fancher, Ph.D. explicitly stated that the objective data did not support a finding of conversion disorder. AR 878. In favoring this opinion, the ALJ properly followed the hierarchy of weight given to physician opinions. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) ("The weight given to the opinion of a physician depends on whether the physician is a treating physician, an examining physician, or a nonexamining physician. More weight is given to the opinion of a treating physician because the treating physician has a greater opportunity to know and observe the patient as an individual."). Moreover, Dr. Fancher's conclusion—and thereby the ALJ's—was further bolstered by the findings of examining psychiatrist Dr. John Hamm, M.D. and medical expert Dr. Robert McDevitt. AR 1016, 1021, 1362.

**CONCLUSION**

For the foregoing reasons, the Court OVERRULES Brewer's objections (Dkt. No. 22) and ADOPTS Judge Tsuchida's report and recommendation (Dkt. No. 19). The Commissioner's decision is AFFIRMED and this case is DISMISSED with prejudice.

//

1   DATED this 14th day of June 2016.

2

3

4

5

6

7                                              _____
                                               John C. Coughenour
8                                              UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 7